UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
SEAN CORRICA,

<table>
<tr><td></td><td>Plaintiff,</td><td>**COMPLAINT**</td></tr>
<tr><td>-against-</td><td></td><td>JURY TRIAL DEMANDED</td></tr>
</table>

THE CITY OF NEW YORK,
DETECTIVE MICHAEL SOGLUIZZO ( TAX 937567),
and DETECTIVE DONNELL MYERS (TAX 934020),

                                    Defendants.
--------------------------------------------------------------------------------

Plaintiff, SEAN CORRICA, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees

    pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said

    rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

    and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90

    days of the events complained of herein.  More than 30 days have elapsed since the filing of

    the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

5. Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## VENUE

6. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, SEAN CORRICA, is, and have been, at all relevant times, residents of Queens County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, DETECTIVE MICHAEL SOGLUIZZO ( TAX 937567), was an individual employed by the City of New York as a member of the Queens Gang Unit.  Defendant Sogluizzo is sued herein in his official and individual capacities.

11. At all relevant times hereinafter mentioned, DETECTIVE DONNELL MYERS (TAX 934020), was an individual employed by the City of New York as a member of the Queens Gang Unit.  Defendant Myers is sued herein in his official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On or about November 27, 2015, at approximately 7:00 p.m., Plaintiff, Sean Corrica, was lawfully present in a lawfully parked vehicle located at or near the intersection of 131st Street and 131st Avenue, in the County of Queens, City and State of New York.

16. At this time, the defendants arrived at the location in plain clothes, in an unmarked police vehicle, parked and exited their vehicle, and approached Plaintiff without any legal justification or excuse.

17. The Defendants asked Plaintiff for his license and registration, to which he complied.

18. Plaintiff was not engaged in any suspicious or illegal activity.

19. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants unjustifiably asked the Plaintiff to exit his vehicle.

20. Plaintiff complied with the Defendants' requests, and exited his vehicle.

21. When Plaintiff exited his vehicle, Defendant Myers grabbed Plaintiff's arm and intentionally twisted and yanked it up and behind his back, causing him to suffer pain in his shoulder and arm, and causing Plaintiff to yell out and scream in pain.

22. Defendant Sogluizzo could have and should have intervened in Defendants Myers' excessive

3

force against Plaintiff, but intentionally did not, despite his clear duty to do so.

23. Plaintiff was not resisting arrest, and he complied with the Defendants' requests.

24. Nonetheless, the Defendants began illegally searching the Plaintiff without any legal justification or excuse.

25. The Defendants then searched Plaintiff's vehicle. The search yielded no evidence of any guns, drugs, or contraband.

26. Despite the absence of any evidence of an arrestable offense on the part of the Plaintiff, the Defendants formally arrested him, and placed him in handcuffs.

27. Plaintiff was then taken to the station house of a local area precinct where he was held for several hours and searched.

28. The search revealed no evidence of any guns, drugs, or contraband.

29. Plaintiff was eventually transferred to Queens County Central Booking where he was held for several more hours.

30. Plaintiff was eventually arraigned on a criminal complaint containing false allegations made by each of the Defendants.

31. Plaintiff was released from court and was given a future court date.

32. Plaintiff returned to court and his charges were dismissed when he acceded to an adjournment in contemplation of dismissal.

33. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

34. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

35. The factual allegations and testimony sworn to by each of the individual Defendants named herein against Plaintiff were materially false and deliberately made to justify the illegal arrest

4

and assault by Defendants against Plaintiff.

36. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

37. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

38. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**FALSE ARREST AND EXCESSIVE FORCE**
**PURSUANT TO 42 U.S.C. SECTION 1983**

39. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

41. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42. At no time did Defendants have any legal basis for subjecting Plaintiff to any level of force, much less the force actually used against him.

43. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

5

44. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

45. By so doing, the individual defendants, individually and collectively, subjected Plaintiff to excessive force, false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

46. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**
**AGAINST THE CITY OF NEW YORK**
**PURSUANT TO 42 U.S.C SECTION 1983**

47. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. The Defendants arrested, searched, and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual defendants in their

capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

51. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

52. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

53. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

54. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause

of the constitutional violations suffered by Plaintiff as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was searched and placed under arrest unlawfully.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

58. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

59. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE, FALSE ARREST, FALSE IMPRISONMENT PURSUANT TO STATE LAW

60. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE

8

DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

62. Plaintiff was detained and held under the imprisonment and control of the Defendants under false pretenses.

63. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

64. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; subjecting Plaintiff to excessive force; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

65. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

66. That Plaintiff was conscious of the confinement.

67. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive

force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

68. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused Plaintiff to be falsely arrested and/or falsely imprisoned Plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

69. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

10

Dated:  New York, New York
       January 20, 2017

                            Respectfully submitted,

                            **LAW OFFICES OF MICHAEL S.**
                            **LAMONSOFF, PLLC**
                            *Counsel for the Plaintiff*

                                    /S/
  By:     JESSICA MASSIMI (JM-2920)
         32 Old Slip, 8th Floor
         New York, New York 10005
         (212) 962-1020