UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
SEAN CORRICA,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK,
DETECTIVE MICHAEL SOGLUIZZO ( TAX 937567),
and DETECTIVE DONNELL MYERS (TAX 934020),

                           Defendants.
----------------------------------------------------------------------------------X

**17 CV 0345 (KAM) (RER)**

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, SEAN CORRICA, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

5. Plaintiff complied with all conditions precedent to commencing an action pursuant to New

York State Law.

## VENUE

6. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, SEAN CORRICA, is, and has been, at all relevant times, a resident of Queens County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, DETECTIVE MICHAEL SOGLUIZZO (TAX 937567), was an individual employed by the City of New York as a member of the Queens Gang Unit. Defendant Sogluizzo is sued herein in his official and individual capacities.

11. At all relevant times hereinafter mentioned, DETECTIVE DONNELL MYERS (TAX 934020), was an individual employed by the City of New York as a member of the Queens Gang Unit. Defendant Myers is sued herein in his official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

2

regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

15. On November 27, 2015, at approximately 7:00 p.m., Plaintiff, Sean Corrica, was lawfully present in a lawfully parked vehicle located at or near the intersection of 131st Street and 131st Avenue, in the County of Queens, City and State of New York.

16. At this time, the defendants arrived at the location in plain clothes, in an unmarked police vehicle, parked and exited their vehicle, and approached Plaintiff without any legal justification or excuse.

17. The Defendants asked Plaintiff for his license and registration, to which he complied.

18. Plaintiff was not engaged in any criminal activity, and he was not engaged in any illegal activity of which the Defendants would have known prior to approaching his vehicle.

19. Despite the fact that the Defendants had no knowledge of any illegal activity on the part of the Plaintiff, the Defendants unjustifiably asked the Plaintiff to exit his vehicle.

20. Plaintiff complied with the Defendants' requests, and exited his vehicle.

21. When Plaintiff exited his vehicle, Defendant Myers grabbed Plaintiff's arm and intentionally twisted and yanked it up and behind his back, causing him to suffer pain in his shoulder and arm, and causing Plaintiff to yell out and scream in pain.

22. Defendant Sogluizzo could have and should have intervened to stop Defendants Myers'

excessive force against Plaintiff, but intentionally did not, despite his clear duty to do so.

23. Plaintiff was not resisting arrest, and he complied with the Defendants' requests.

24. Nonetheless, the Defendants began illegally searching the Plaintiff without any legal justification or excuse.

25. The Defendants then searched Plaintiff's vehicle.

26. During the search, the Defendants recovered a small amount of marijuana, which could not have justified charging the Plaintiff with any crime.

27. Nonetheless, the Defendants formally arrested the Plaintiff, and placed him in handcuffs.

28. Plaintiff was then taken to the station house of a local area precinct where he was held for several hours and searched.

29. The search revealed no evidence of any guns, drugs, or contraband.

30. Plaintiff was eventually release from the precinct with a future court date, but was improperly charged with criminal possession of marijuana.

31. Plaintiff returned to court and his charges were dismissed when he acceded to an adjournment in contemplation of dismissal.

32. The decision to charge Plaintiff with a crime was objectively unreasonable under the circumstances.

33. At no time did there exist sufficient cause to criminally charge the Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

34. The factual allegations sworn to by each of the individual Defendants named herein against Plaintiff were materially false and deliberately made to justify the illegal arrest and assault by Defendants against Plaintiff.

35. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the

heretofore misconduct engaged in against Plaintiff.

36. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

37. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE
## PURSUANT TO 42 U.S.C. SECTION 1983

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. At no time did Defendants have any legal basis for subjecting Plaintiff to any level of force, much less the force actually used against him.

40. By so doing, the individual defendants subjected Plaintiff to excessive force and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

# SECOND CAUSE OF ACTION
# AGAINST THE CITY OF NEW YORK
# PURSUANT TO 42 U.S.C SECTION 1983

42. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Those customs, policies, patterns, and practices include, but are not limited to:

    i. failing to train officers on the proper use of force and, specifically, failing to train officers on how to avoid shoulder and arm injuries in the course of handcuffing and detaining suspects;

    ii. failing to train officers on how to intervene when they observe fellow officers engaged in an unlawful use of force against suspects;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

46. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

  i. using an unjustified level of force on non-violent suspects during routine arrests;

  ii. fabricating criminal allegations against suspects in order to justify the unlawful use of force;

  iii. falsifying evidence and testimony to support the unlawful use of force and associated arrests;

  iv. falsifying evidence and testimony to cover up police misconduct.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was subjected to excessive force.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

53. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### THIRD CAUSE OF ACTION
### FOR EXCESSIVE FORCE
### PURSUANT TO STATE LAW

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

56. Plaintiff was subjected to excessive and unlawful use of force by the Defendants.

57. That as a direct, sole and proximate result of the excessive force Plaintiff was caused to and did sustain physical injury, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, inconvenience, disturbance and disruption of life, and legal expenses.

58. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

**WHEREFORE**, the Plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 7, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020